## Fiore, Inc. v. Laverick

*Lloyd F. Fuge,* for plaintiff.

*Bernard J. Sweer* and *H. I. Hoffman,* for defendant.

*Joseph Fricker,* for intervenors.

McLEAN, J., April 21, 1972.—On March 3, 1970, defendant executed a judgment note in the amount of $10,000 payable to the order of plaintiff on demand. The note also authorized an attorney's commission of 10 percent. On March 6, 1970, plaintiff entered judgment by confession in the full amount authorized by the note, and on the same day issued execution on the confessed judgment. Notice of the entry of judgment was duly given to defendant.

In the execution proceedings, Duquesne Light Company was served as a garnishee, and filed answers to interrogatories indicating that Duquesne Light Company owed defendant the sum of $10,205.31 in payment for coal delivered to garnishee pursuant to its purchase order to defendant. When defendant learned of the execution, he filed on March 31, 1970, a petition to open the judgment and to stay execution, on which a rule to show cause was granted by the court. Then, on April 9, 1970, a petition to intervene in both the proceedings by which judgment was confessed and in the execution proceedings was filed by John Gagliardi and Roy Laverick (hereinafter called "intervenors") and a rule to show cause thereon was also granted by the court. Plaintiff filed separate answers to the two petitions, various depositions were taken, and in due course the two separate rules were argued before the undersigned member of the court. We are also assisted by briefs that have been filed by the parties.

Treating first the question whether the confessed judgment should be opened, we find that the judgment should not be opened and that the rule to show cause should be discharged. The situation here is not

covered by Swarb v. Lennox, 314 F. Supp. 1091 (1970), for it is clear that we are dealing here with an experienced businessman in a transaction between businessmen and there is no allegation that defendant is in the class earning less than $10,000 per year.

Additionally, there is *no allegation* that defendant is not indebted to plaintiff in the amount of the judgment. While defendant asserts there are some adjustments due between plaintiff and defendant, and plaintiff denies that such adjustments are due, nevertheless, defendant does not dispute that $10,000 is due. Defendant does not assert a meritorious defense to plaintiff's claim, nor suggest that he can specify any *such meritorious defense* as required by the law for a judgment to be opened. It appears clear that the judgment should not be opened, and in exercising the discretion committed to us under the law, we will decline to open the judgment.

However, with respect to the petition to intervene, we feel that the Pennsylvania Rules of Civil Procedure specifically authorize intervention and that justice to all the parties indicates that the intervention in the execution proceedings should be granted. Duquesne Light Company has now been formally apprised that intervenors claim an interest in the debt which Duquesne Light Company previously believed was owing to defendant. Accordingly, Duquesne Light Company cannot now safely pay to or for the account of defendant and ought to be protected from exposure to additional liability. Similarly, plaintiff's execution is directed only at assets owned by defendant, and ought to succeed only as to any such assets. Finally, if the intervenors do, in fact, own an interest in the Duquesne debt, that ought to be protected also.

Obviously, it is to the benefit of all the people involved here to have their respective rights adjudicated

finally and in a single proceeding. We believe that intervention is specifically authorized by Pa. R. C. P. 2327(4).

Plaintiff makes a strong argument in its brief for the proposition that intervenors will be unsuccessful in establishing that they were partners of defendant, or joint venturers with him, and it may well be that plaintiff will ultimately succeed. However, we do not believe that we are authorized to make a judgment on that issue on a petition to intervene, but must permit the trial of that issue to occur at an appropriate evidentiary hearing.

Accordingly, separate orders will be entered discharging the rule to show cause why the judgment should not be opened and execution stayed, and granting the petition of intervenors for leave to intervene in the execution proceedings.